### McGUIRE v. THE STATE, 13 Smedes & Marshall, 257.

#### SELLING LIQUOR TO SLAVES.

The essential ingredient of the offense of selling liquor to a slave consists in the want of the permission of the master, and such want of permission must be proven to warrant a conviction.

The material allegations of the indictment, or those which charge the facts constituting the offense alleged, must in every case be sustained by sufficient proof.

Error to Hinds circuit court. WALTER, J.

*C. Scott & D. W. Adams* for plaintiff in error.

*D. C. Glenn,* attorney general.

Smith, J. :

This was a conviction under the statute of 1842, prohibiting the sale of vinous or spirituous liquors to slaves, without the permission of the owner, master, or overseer.

It was proved on the trial, that the plaintiff in error, during the month of July, 1847, sold spirituous liquors to a slave, the property of Captain Garland. The only witness, who was examined, stated, that "he did not see or know of any permission which the said slave had from his owner, to purchase the liquor."

The case comes before us on several alleged errors committed by the court in granting and refusing the instructions, which were requested by the district attorney and the defendant. It will be unnecessary to notice all of these.

For the prosecution, amongst other instructions, the court charged, "that the permission of the master, owner, or overseer is a matter of exculpation of a positive nature; and the failure of the defendant to introduce any proof of such permission will authorize the jury to infer, that there was no such permission."

When an offense has been proved to have been committed by an unknown person, the agency of a party in the commission of the offense charged, may sometimes be inferred from acts which in themselves are perfectly innocent and legal. Thus, where goods, proved to have been stolen, are found in the possession of the party charged with the theft, the possession, under certain circumstances, will raise a presumption of his guilt. In such a case, to avoid the consequences which the law attaches to this presumption, it would be incumbent on him to introduce explanatory or exculpatory evidence. But upon no principle of sound logic could the existence of an offense be inferred from the commission of an act to which the law has not attached the character of a crime. The instruction inverts this rule. The mere vending of spirituous liquor to a slave is no violation of this statute. It only becomes criminal, when done without the permission of the master, owner or overseer. The essential ingredient of the offense consists in the want of such permission. Hence the court manifestly erred in giving this instruction.

For the prisoner, the court was asked to charge, "that it was incumbent on the state to prove all of the material facts con-

stituting the offense, as charged in the indictment, otherwise the jury will acquit the prisoner."

This instruction contains a plain legal proposition. We know of no exception to the rule, that whatever it is material to aver in an indictment, it is necessary to prove; that the material allegations of the indictment, or those which charge the facts and circumstances, which constitute the particular offense alleged, must be sustained by sufficient proof to authorize a conviction. On a trial for any offense, it is certainly material to instruct the jury in regard to the cardinal principles which should regulate their finding. In refusing this instruction the court also erred.

It is insisted by the attorney general, that although the court may have erred in the charges granted or withheld, yet, as the verdict is fully sustained by the evidence, it should not be disturbed. We have quoted above, the whole of the evidence, and the observations before made show that it was insufficient.

Let the judgment be reversed, and the cause remanded.